UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL EUGENE MANN,

        Petitioner,

                              CASE NO. 2:06-13352

v.

                              PAUL D. BORMAN

H.G. LAPPIN, M.K. NALLEY,         UNITED STATES DISTRICT JUDGE
and F.A. BIERSHCBACH,

        Respondents.
                              /

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION

Petitioner Michael Eugene Mann is an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). He has filed an application for appointment of counsel and a *pro se* habeas corpus petition under 28 U.S.C. § 2241. Also pending before the Court is the Government's motion to dismiss the habeas petition on the ground that Petitioner's claims are moot. The Court agrees with the Government. Therefore, the habeas petition must be dismissed.

### I. Background

Petitioner was convicted in the United States District Court for the Western District of Michigan of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). On November 5, 2003, the trial court sentenced Petitioner to imprisonment for 120 months, followed by three years of supervised release.

The pending habeas petition, which was filed on July 25, 2006, challenges a prison disciplinary matter that arose while Petitioner was serving his sentence at FCI-Milan. The pleadings and exhibits indicate that, on June 22, 2005, staff at FCI-Milan found a tattoo gun,

some ink, and a guitar string in the lighting fixture located above Petitioner's living area. Petitioner was charged in an incident report with possession, manufacture, or introduction of a hazardous tool. On June 30, 2005, a hearing officer found Petitioner guilty of the charged offense. Petitioner was punished with thirty days in disciplinary segregation, the loss of thirty-eight days of good conduct time, and the loss of commissary privileges for 180 days. Petitioner pursued administrative remedies, but the Regional Director for the Bureau of Prisons and the Administrator for National Inmate Appeals affirmed the hearing officer's decision.

Petitioner alleges in his habeas petition that he lives in an open dormitory with approximately 150 other inmates and that he cannot be held responsible for contraband found in a common area, which is not solely within his control. He seeks restoration of thirty-eight days of good conduct time and a judicial declaration that the respondents' acts were arbitrary and capricious, an abuse of discretion, and unsupported by substantial evidence.

The Government argues in its motion to dismiss that Petitioner's claims are moot because a federal official has reconsidered Petitioner's case, expunged the incident report, and restored Petitioner's good conduct time. Petitioner has not disputed the Government's allegations, nor filed a reply to the Government's motion.

## II. Discussion

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). As the Eleventh Circuit explained in *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001):

> If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and

must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). Indeed, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities* [*v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000)] (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction.")). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S. at 48).

Mootness deprives the Court of its power to act because there is nothing for the Court to remedy, even if it were disposed to do so. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, this exception is "narrow," *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001), and applies only in "exceptional situations." *Id*. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir.1997) (emphasis added). The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time.

*Al Najjar*, 273 F.3d at 1336 (emphasis in original).

The Court cannot offer Petitioner any meaningful relief because exhibits to the Government's motion indicate that Petitioner's incident report was expunged on or about May 9, 2007, and his good conduct time has been restored. Furthermore, the disputed incident is not likely to be repeated and to evade review. Petitioner's claims are moot and do not fall within the exception to mootness.

Courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer*, 523 U.S. at 18. Accordingly, Respondent's motion to dismiss [dkt. 9] is GRANTED and Petitioner's application for the writ

3

of habeas corpus [dkt. 1] is DISMISSED. Petitioner's application for appointment of counsel [dkt. 3] is DENIED as moot.

           s/Paul D. Borman
           PAUL D. BORMAN
           UNITED STATES DISTRICT JUDGE

Dated: July 5, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 5, 2007.

           s/Denise Goodine
           Case Manager